IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH STEPHENSON,<br><br>       Petitioner<br><br>  VS.<br><br>BRUCE CHATMAN, WARDEN,<br><br><br>       Respondent | NO. 5:09-CV-247 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2241<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION TO DISMISS

  Petitioner Joseph Stephenson has filed a petition seeking federal habeas corpus relief.  Tab #1.  Respondent WARDEN Bruce Chatman has filed a response to the petition (Tab #12) and a motion seeking to dismiss the petition for lack of exhaustion of state remedies (Tab #13).  Petitioner Stephenson was ordered to and has filed a response to the respondent's motion.  Tab #17.

  Petitioner Stephenson's petition challenges an October 15, 2008 parole revocation on an underlying February 28, 1991, Bibb County jury trial conviction and sentence for trafficking in cocaine.  In response to this petition, and as was noted above, respondent Chatman has moved to dismiss this petition on the basis that petitioner Stephenson has failed to exhaust his available state remedies.  In support of this assertion, respondent Chatman shows that the petitioner is currently pursuing a **state** habeas corpus proceeding in the Superior Court of Baldwin County, Georgia.  Accordingly, respondent Chatman requests that this court dismiss the instant action as unexhausted.

  In his response to the motion seeking dismissal, petitioner Stephenson argues that he is not required to exhaust his state administrative remedies prior to bringing his federal action  because his action is brought pursuant to 28 U.S.C. §2241 not 28 U.S.C. §2254.  For this reason, the petitioner asks that the respondent's motion seeking dismissal be denied.  The petitioner is mistaken.

As petitioner Stephenson emphasized in his response, his petition seeks federal habeas corpus relief pursuant to § 2241(c)(3). This particular provision authorizes federal habeas corpus relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, and as the petitioner correctly noted, the language of § 2241 does not explicitly require exhaustion of state remedies or adherence to the various other procedural restrictions applicable to petitions filed pursuant to § 2254. Despite the fact that the statutory language itself does not require § 2241 petitioners to comply with the procedural restrictions applicable to petitions filed pursuant to § 2254, the Eleventh Circuit has long held that they must. See *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004).

In view of the above, and in light of the fact that petitioner Stephenson currently has state remedies available to him, his claims are unexhausted for the purposes federal review. Accordingly, IT IS RECOMMENDED that the respondent's **MOTION TO DISMISS** be **GRANTED** and that the petitioner's application for a federal writ of habeas corpus be **DISMISSED**, *without prejudice*.[1] Petitioner Stephenson may re-file his federal habeas corpus petition once he has exhausted his state remedies, provided all other requirements of law have been satisfied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 16th day of NOVEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.